[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On September 7, 2001, the plaintiffs, John B. Kimball and Diane M. Mason, filed a seven count complaint against the defendant, Timothy J. King Builder, Inc., alleging breach of contract, breach of express warranties under General Statutes § 47-117, breach of implied warranties under General Statutes § 47-118, negligence, violations of the Connecticut Unfair Trade Practices Act, absolute nuisance and negligent nuisance.
On October 29, 2001, the plaintiffs filed an amended complaint wherein they allege the following facts: The retaining wall in their new home was improperly designed or improperly constructed by the defendant, and as a result the retaining wall is separating from the home and tilting or otherwise overturning; the defendant did not grade the land around the home or the driveway properly and failed to mitigate the impact of runoff generated from the public road on their property; they have been deprived of the use of a portion of their property; they incurred expenses in determining the nature of the defects and damages to repair the defects; and they suffered damages to the extent of a diminution in the property's fair market value.
The defendant filed an answer to the amended complaint on November 9, 2001. The answer included a special defense and a prayer for relief. On November 21, 2001, the plaintiffs filed a motion to strike the special defense and prayer for relief, accompanied by a supporting memorandum of law. The plaintiffs move to strike the special defense and prayer for relief on the ground that they are legally insufficient.
The plaintiffs make the following arguments in their motion to strike the special defense: The special defense is not valid because it pertains CT Page 3422 to a matter that would have arisen during an effort of the parties to reach a compromise and settlement; an offer made within the context of compromise and settlement is not admissible as evidence or available as a matter to be pleaded; and the special defense is not one of the defenses enumerated in Practice Book § 10-50.
The defendant alleges the following facts in its special defense: "The Defendant offered to make repairs to the Retaining Wall, although the condition of the wall is not such as to cause any danger or be in violation of any new home warranty as provided by statute, and the Plaintiffs refused and neglected to allow the Defendant to make any repairs." A similar claim was made by the defendant in Harrington v.Grillo, Superior Court, judicial district of Hartford, Docket No. 579272 (November 20, 2000, Rubinow, J.). In that case, the defendant claimed that the plaintiffs "failed to utilize the warrantee on workmanship that was part of his agreement with these homeowners, and that they therefore failed to mitigate their damages." Id. The defendant argued "that because neither [of the plaintiffs] elected to have him repair or replace the roofs upon their houses, he should not be liable for the cost incurred by the employment of third parties to perform that work." Id. Although, the court ultimately determined that the plaintiffs had acted reasonably and they were not required to allow the defendant to repair their roofs, it is clear that the defendant's claim was a valid defense to a breach of contract claim.
In the present case, the defendant alleges that the plaintiffs refused or neglected to allow the defendant to repair the plaintiffs' retaining wall. Accepting the facts as true and construing them in the manner most favorable to sustaining the legal sufficiency of the special defense, the court finds that the facts alleged in the special defense demonstrate that the plaintiffs had an opportunity to mitigate their damages by allowing the defendant to repair the wall rather than paying a third party to repair the wall. The court must now determine whether failure to mitigate damages is a proper special defense.
The Superior Court is divided on the issue of whether it is proper for the defendant to plead mitigation of damages as a special defense. Several Superior Court decisions have held that "[m]itigation of damages is properly pleaded as a special defense." Parson v. Sikorsky AircraftDivision, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 280394 (July 2, 1998, Melville, J.); see also Yale New HavenHospital, Inc. v. Gargulio, Superior Court, judicial district of New Haven, Docket No. 419980 (October 18, 1999, Jones, J.) (special defense of failure to mitigate damages is legally sufficient); Buitekant v. ZotosCorp., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 135874 (February 20, 1996, Karazin, J.) (mitigation CT Page 3423 of damages is a valid special defense).
Other decisions hold that mitigation of damages is not a valid special defense because "the purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Union Savings Bank of Danbury v. Barry,
Superior Court, judicial district of Danbury, Docket No. 320962 (March 14, 1996, Moraghan, J.). "[F]ailure to mitigate damages does not meet the definition of a special defense as it does not address the issue of liability. Consequently, the special defense is improper." Id.; see alsoZielke v. Mirza, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 529778 (April 4, 1996, Satter, S.J.R.) (16 Conn.L.Rptr. 408) (defendant does not have to plead mitigation of damages as a special defense although defendant has burden of proof on the issue).
The court finds more persuasive those decisions which hold that a special defense alleging the failure to mitigate damages is proper. "In cases where breach of contract has been alleged, the plaintiff clearly has a duty to exercise reasonable conduct to minimize the damages occasioned by the defendant's breach. . . . The defendant bears the burden of proving that the plaintiff failed to exercise reasonable care to mitigate damages." (Citations omitted; internal quotation marks omitted.) Profitec, Inc. v. FKI Industries, Inc., Superior Court, judicial district of New Haven, Docket No. 427490 (November 24, 2000,Devlin, J.). "Although . . . failure to mitigate damages is not one of the enumerated defenses listed in [Practice Book] § 10-50, Superior Court cases have approved the use of a special defense to plead this claim." Id. "Moreover, by allowing the failure to mitigate damages to be pled as a special defense, it is clear that the defendant bears the burden of proof" Id. Based on the foregoing, the court concludes that it is proper for the defendant to plead mitigation of damages as a defense to the plaintiffs' breach of contract claim. Accordingly, the plaintiffs' motion to strike the special defense is denied.
The plaintiffs also move to strike the prayer for relief in the defendant's answer. The plaintiffs assert that the prayer for relief should be stricken because the defendant did not plead a counterclaim and, therefore, the defendant cannot include a prayer for relief in its answer. "[T]he prayer for relief attached to and based upon . . . affirmative defenses is procedurally improper." Winsted Savings Bank v.Salmon Brook Properties, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 376647 (November 26, 1991,Hennessey, J.) (7 C.S.C.R. 91, 92); see also Langer v. Hoffman Fuel Co.,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket CT Page 3424 No. 157960 (March 4, 1998, Karazin, J.) (21 Conn.L.Rptr. 477) (prayer for relief based upon affirmative defenses is procedurally improper). "A prayer for damages is only appropriate as part of a counterclaim." WinstedSavings Bank v. Salmon Brook Properties, Inc., supra, 7 C.S.C.R. 92. In the present case, the defendant's answer included a special defense and a prayer for relief, but not a counterclaim. The court concludes that the prayer for relief should be stricken because it is procedurally improper.
Judgment may enter accordingly.
Foley, J.